### VALENTINE *v.* RICHARDT *et al.*

(*Supreme Court, General Term, Second Department.* February 11, 1891.)

ACTION TO SET ASIDE DEED—MONEY JUDGMENT.

    In an action to set aside a deed of land procured by defendant from plaintiff's ancestor by undue influence, and without consideration, plaintiff is entitled to a money judgment for the value of the land, where it appears that defendant has conveyed it to a *bona fide* purchaser for value and without notice.

Appeal from special term, Kings county.

Action by Ludlow W. Valentine, an infant, by George W. Bergen, his guardian *ad litem*, against Hermann T. Richardt and others, to set aside a deed executed by his deceased mother, whose sole heir at law plaintiff was. Judgment was entered for plaintiff for the value of the land, and defendant Richardt appeals. For former report, see 12 N. Y. Supp. 196.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*W. C. Beecher,* for appellant. *Cornell, Secor & Page,* (*Horace Secor, Jr.,* of counsel,) for respondent.

BARNARD, P. J. This action was brought to set aside a certain deed of conveyance which was alleged to have been procured from Catharine A. Valentine by fraud, undue influence, domination, and without consideration. Upon the trial it was proven that the property had passed into the hands of a *bona fide* purchaser, and was mortgaged to a *bona fide* mortgagee, and as to the parties the complaint was dismissed. The jury found that the deed was obtained by the defendant Richardt by undue influence, and that he paid her no consideration therefor. Upon these findings the court gave a money judgment against Richardt for the value of the land. Richardt appeals, and thus there is presented the question whether the money judgment was proper, and whether there is sufficient evidence to sustain the verdict of the jury as to undue influence. The plaintiff is the infant heir of the grantor. If there had been no subsequent purchaser in good faith, the heir would have been entitled to the land by the destruction of the deed procured by Richardt by undue influence. The deed gave no title to Richardt, as against the grantor or her heir. The recording laws protect a purchaser from one clothed with the usual evidence of title, who takes the title in good faith and for a valuable consideration. This rule applies as well to title to personal property. One who invests another with an authority to dispose of it must yield to the rights of a *bona fide* vendee, even if the power or evidence of title was procured by fraud. *Weaver* v. *Barden,* 49 N. Y. 286. As between the parties, the deed was void, and the death of the grantor did not give it any greater force than if she had lived to bring the action herself. Where the equitable cause of action failed as to the *bona fide* purchaser, it was still within the power of a court of equity to return jurisdiction, or as to give relief by a personal judgment. *Van Rensselaer* v. *Van Rensselaer,* 113 N. Y. 207, 21 N. E. Rep. 75. The money judgment was not given in affirmance of the deed. It was given for the land, which, as between the plaintiff and Richardt, belonged to plaintiff. The objection, therefore, to the money judgment cannot be sustained. There was sufficient proof of undue influence. The defendant Richardt was a physician. He had obtained a deed of the same property, before which the deceased lately had brought an action to set aside. Richardt met this action by deeding the property back. He obtained another deed, and within a short time after sold the same to a *bona fide* purchaser. The condition of the grantor is made the subject of much evidence. His relation

with Richardt is also made the subject of proof. The grantor was of weak mind, and was under unfounded apprehension. There is reason to believe from the evidence that these apprehensions were created by his physician. He is proven to have obtained $10,000, besides the house, in bonds. He is proven to have obtained receipts for moneys in respect to these transactions which were false, and were manifestly dictated by Richardt, and written and signed at his dictation by Mrs. Valentine. The expression of that receipt manifestly shows this. The jury could find nothing in the case to uphold such transactions as these between physician and patient. Mrs. Valentine died insolvent, and was made so by the defendant Richardt. The record of proceedings for a recovery, in an action in which Richardt was not a party, was admissible. An affidavit of Richardt was annexed to the papers, and in this affidavit Richardt was called upon to deny the receipt of the $10,000, or to explain it. He did not deny it, but only denied its fraudulent receipt. Other evidence of the fraud, and undue influence by which it was obtained, was given on the trial. The judgment should therefore be affirmed, with costs.